UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE'ANGELO LAMAR GATHRITE,<br><br>  Plaintiff,<br><br>  v.<br><br>R. DIAZ, et al.,<br><br>  Defendants. | Case No. 25-cv-02369-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint (dkt. 8).

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases where prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

1  detailed factual allegations in a complaint, the complaint must do more than recite elements of a
2  cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
3  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
4  U.S. 544, 555 (2007).  A complaint must proffer "enough facts to state a claim to relief that is
5  plausible on its face." *Id*. at 570.  The Supreme Court has explained the standard this way: "While
6  legal conclusions can provide the framework of a complaint, they must be supported by factual
7  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
8  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft
9  v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that he was improperly found guilty at a disciplinary hearing due to falsified evidence.

Interests protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and applicable state law.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe that they affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation (i.e., give the inmate a kind of right to avoid it), and (2) the liberty in question is one of "real substance."  *See id*. at 477–87. Generally, liberties of "real substance" are limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487.

Prisoners may not be deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in prison disciplinary proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the factfinders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563–71.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

A false charge that results in discipline not amounting to a deprivation of a protected liberty interest under *Sandin* is not actionable under Section 1983 if it does not implicate another constitutional right, such as the First Amendment right to be free of retaliation. *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002); *see*, *e.g.*, *id*. at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to be an atypical and significant hardship under *Sandin*).

Plaintiff states that Defendants claimed to have searched his cell and his person and found a weapon and a medical syringe. As a result, Plaintiff received a Rules Violation Report and was found guilty at a subsequent hearing. For punishment, Plaintiff lost privileges for sixty days, including loss of access to the phone, canteen, and day room. Plaintiff alleges this caused medical and psychological harm. Plaintiff contends that this never happened because he was never housed

3

1    in the cell that was searched; therefore, the disciplinary finding was illegal and based on false
2    evidence.
3        The original complaint was dismissed with leave to amend to provide further information.
4    Plaintiff now alleges that Defendant Covarrubias found him guilty and Defendant Diaz approved
5    the guilty finding even though there was no hearing and Plaintiff was not allowed to challenge the
6    evidence. Liberally construed, this states a claim against these Defendants for a violation of
7    Plaintiff's due process rights.
8        However, Plaintiff still fails to state a claim against Defendants Palacios, Weber, or Lizana
9    for conducting the search that allegedly found the contraband. Plaintiff does not state whether his
10   real cell or his person were actually searched. He also does not state whether any contraband was
11   found during these searches. This information is necessary to determine whether the evidence
12   against Plaintiff was actually false, or if the officers simply gave the wrong cell number in an
13   otherwise accurate report. Plaintiff may file a second amended complaint and attempt to state a
14   claim against these Defendants, or he may elect to only continue against Covarrubias and Diaz.

## CONCLUSION

16   1. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff may either inform
17   the court that he only wishes to proceed against Covarrubias and Diaz, or he may file a second
18   amended complaint. A second amended complaint must include the caption and civil case number
19   used in this order and the words "SECOND AMENDED COMPLAINT" on the first page.
20   Because an amended complaint completely replaces the original complaint, Plaintiff must include
21   in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
22   1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to
23   reply within the designated time will result in dismissal of all Defendants except for Covarrubias
24   and Diaz.
25   2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
26   informed of any change of address by filing a separate paper with the clerk, headered "Notice of
27   Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so
28   may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 6, 2025

ROBERT M. ILLMAN
United States Magistrate Judge