UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE'ANGELO LAMAR GATHRITE,<br><br>Plaintiff,<br><br>v.<br><br>R. DIAZ, et al.,<br><br>Defendants. | Case No. 25-cv-02369-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend. Plaintiff has filed a second amended complaint (dkt. 10).

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases where prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

1   detailed factual allegations in a complaint, the complaint must do more than recite elements of a
2   cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
3   raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
4   U.S. 544, 555 (2007).  A complaint must proffer "enough facts to state a claim to relief that is
5   plausible on its face." *Id*. at 570.  The Supreme Court has explained the standard this way: "While
6   legal conclusions can provide the framework of a complaint, they must be supported by factual
7   allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
8   veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft
9   v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2.  Legal Claims**

Plaintiff alleges that he was improperly found guilty at a disciplinary hearing due to falsified evidence.

Interests protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and applicable state law.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe that they affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation (i.e., give the inmate a kind of right to avoid it), and (2) the liberty in question is one of "real substance."  *See id*. at 477–87. Generally, liberties of "real substance" are limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487.

2

Prisoners may not be deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in prison disciplinary proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the factfinders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563–71.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

A false charge that results in discipline not amounting to a deprivation of a protected liberty interest under *Sandin* is not actionable under Section 1983 if it does not implicate another constitutional right, such as the First Amendment right to be free from retaliation. *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002); *see*, *e.g.*, *id*. at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to be an atypical and significant hardship under *Sandin*).

Plaintiff states that Defendants Palacios and Lizama allegedly searched his cell on the instructions of Defendant Weber and found a weapon and a medical syringe. As a result, Plaintiff received a Rules Violation Report and was found guilty at a subsequent hearing by Defendant Covarrubias, which was approved by Defendant Diaz. For punishment, Plaintiff lost privileges for sixty days, including loss of access to the phone, canteen, and day room. Plaintiff alleges this

1  caused medical and psychological harm.  Plaintiff contends that this incident never happened
2  because he was never housed in the cell that was searched and his cell was not searched; therefore,
3  the disciplinary finding was illegal and based on false evidence.  He also appears to argue that
4  there was an additional disciplinary finding using this evidence, but there was no hearing, and he
5  was not allowed to challenge the evidence.

   Liberally construed, this states a claim against all Defendants for violating Plaintiff's due process rights.

## CONCLUSION

The Court orders that the following Defendants be served electronically at Salinas Valley State Prison: Correctional Officers A. Lizama and R. Palacios, Sergeant J. Weber, Lieutenant F. Covarrubias, and Assistant Warden R. Diaz.

Service on the listed Defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative second amended complaint (dkt. 10), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.  The Clerk is also requested to serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendants decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the Defendants who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction

4

consent or declination to consent form as to the defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each Defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

In order to expedite the resolution of this case, the court orders as follows:

No later than **sixty days** from the date of service, Defendants shall file their motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so inform the court prior to the date that such motion is due. Moreover, all papers filed with the court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon Defendants no later than **thirty days** from the date the motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take

1  note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
2  to him as required by *Wyatt*, 315 F.3d at 1120 n.4.
3     If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the
4  opposition is served.  The motion shall be deemed submitted as of the date the reply brief is due.
5  No hearing will be held on the motion unless the court so orders at a later date.  All
6  communications by Plaintiff with the court must be served on Defendants, or Defendants' counsel,
7  if and when counsel has been designated, by mailing a true copy of the document to Defendants or
8  Defendants' counsel.
9     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
10 further court order is required before the parties may conduct discovery.
11    Finally, it is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
12 informed of any change of address by filing a separate paper with the clerk headed "Notice of
13 Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to
14 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
15 Civil Procedure 41(b).
16 **IT IS SO ORDERED.**
17 Dated: July 28, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.